The same holding of this court will be found in Streight v. State, 62 Tex. Cr. R. 453, 138 S. W. 742, 743. See, also, Kemper v. State, 63 Tex. Cr. R. 1, 138 S. W. 1025.

We are constrained to conclude that the refusal of the trial court to permit the explanation from the sheriff of what was said, and what transpired between him and the witness Crow, reflects a ruling of the trial court which may have been prejudicial to appellant, and which calls for a reversal of the judgment.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

LATTIMORE, J.

 The sheriff of any county may well be regarded as one of its chief law enforcement officers, and his testimony, pro or con, is given much weight by juries, and in a sense this is especially true when he appears as a witness to material facts favorable to the defense. There could be no doubt of the weight and importance to this appellant of the defensive testimony of Sheriff Hunt. He was cross-examined by the state while a witness for appellant, and asked about a matter which not only was impeaching, to the extent of being a contradiction of a witness, but which also was of such character as to affect his fidelity and integrity as an officer of the law, who should know neither friend nor foe in the discharge of his duty; and the questions asked, if affirmatively answered, would have effectually destroyed the whole testimony of this witness, would have shown him to be an officer who for a friend would suppress search for truth, and who would interpose his authority over subordinates to prevent their disclosure or discovery of facts helpful to the state and hurtful to his friend, the accused. Denying the exact matters laid in the predicate for impeachment, the sheriff admitted one or more conversations with the witness Crow, his deputy at the time of the alleged homicide. When Crow was called to testify in rebuttal by the state, he not only affirmed the matters asked in regard to the conversations said by him to have been had with Mr. Hunt, but testified in detail to most damaging facts not appearing in either of the two records of this case on former appeals.

This placed Crow in the attitude not only of impeaching and discrediting Sheriff Hunt, but as furnishing to the state new and most material testimony directly bearing on the question of where and under what circumstances this killing took place. Crow said he knew these facts, and undertook to tell them to Mr. Hunt immediately after the homicide; started to tell them to Hunt, but was told by Hunt that he had all he needed, and for witness to go home.

Appellant offered Mr. Hunt in rebuttal, and tried to show by him all that was said between him and Crow, and, as appears, to state what he knew which might shed light on Crow's testimony thus brought before the jury. Mr. Hunt should have been allowed to testify. The gravity of reversals is great, but that of injustice is greater. Mr. Branch succinctly states, upon the authority of many cases cited in section 94 of his annotated P. C., that the defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity or truthfulness. We think this proposition sound and applicable.

The state's motion for rehearing is overruled.

### TAYLOR v. STATE.
### No. 14492.

Court of Criminal Appeals of Texas.
June 17, 1931.

A. L. Curtis, of Belton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

The record is before this court without bills of exception or statement of facts. In this condition nothing is presented for review.

The judgment is affirmed.